DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court jury verdict finding Appellant guilty of possession of cocaine, in violation of R.C. 2925.11, a felony of the third degree. On appeal, Appellant raises two assignments of error, contending that the trial court erred (1) in denying his motion to suppress challenging the facial sufficiency of the affidavit supporting the issuance of the search warrant; and (2) in admitting into evidence, over objection, a document which contained unexcepted hearsay connecting items of physical evidence to Appellant, when these items were *Page 2 
not otherwise admitted at trial, either through testimony or any other form of evidence. Considering the totality of the circumstances, we conclude that the affidavit filed in support of the search warrant provided the magistrate with sufficient probable cause to issue the warrant. Therefore, we overrule Appellant's first assignment of error. Further, we conclude that the trial court did not err in admitting an inventory sheet into evidence, where the objection lodged below differed from the specific arguments now raised on appeal. Thus, we find no merit in Appellant's second assignment of error. Accordingly, we affirm the judgment of the trial court.
 FACTS {¶ 2} On March 29, 2007, a detective with the Ross County Sheriff's department appeared before a judge of the Chillicothe Municipal Court with an affidavit requesting that a search warrant be issued for Appellant's residence, stating that there was cause to believe that certain drug offenses involving crack cocaine were being committed. The affidavit in support of the warrant provided as follows:
"The facts upon which such belief is based are as follows:
 Affiant has been a sworn law enforcement officer since 1989 and is currently employed by the Ross County Sheriff's Department and assigned to the US 23 Major Crimes Unit. Affiant is responsible for conducting drug related investigations including drug trafficking. *Page 3 
 Within the last year the US 23 Major Crimes Task Force has received information from several different sources who advised that Jimmy Richardson is selling both powder cocaine and crack cocaine in the Ross County and Highland County area.
 Detectives were contacted by a reliable confidential informant who has given information in the past that has been deemed reliable. The informant advised that Jimmy Richardson just moved to Waugh Rd. and was selling cocaine from the residence. Detectives have conducted surveillance at the residence and have observed the vehicle that Jimmy drives at the residence. The vehicle is a red/black truck bearing Ohio registration DSB2332. Detectives checked with the Ross County Auditor's office and found that the property is owned by James Richardson Sr. and James Richardson Jr.
 Within the last seventy two hours a reliable confidential informant, who provided detectives with information in the past that has led to drug seizures, arrests, and search warrants, was contacted by Matt Newman. Matt advised the informant that he needed to go to Jimmy Richardson's residence to get some crack cocaine. Matt asked the informant for a ride and told the informant that he was in Fruitdale. The informant and the informant's vehicle were searched and no contraband or money was found. The informant was given recorded money and was kept under constant surveillance. The informant went to the residence in Fruitdale but was advised that Matt already left and went to Jimmy Richardson's residence. The informant then drove to Jimmy Richardson's residence on Waugh Rd. again being kept under constant surveillance. The informant made contact with Matt Newman at the residence and Matt directed the informant to drive a short distance away and pull over on Waugh Rd. Matt then left Jimmy's residence and met with the informant on Waugh Rd. Matt asked what the informant needed and the informant advised him crack cocaine. Matt Newman advised that Jimmy had it and took the informant's money and Newman left going back up Waugh Rd. Newman returned a short time later and gave an off white substance to the informant. The informant then met with detectives at a predetermined location. The informant gave detectives the off white substance which did field test positive for cocaine. The informant was again searched and not [sic] contraband or money was found." *Page 4 
 {¶ 3} Based on the foregoing affidavit, a Chillicothe Municipal court judge issued a search warrant authorizing the search of Jimmy Richardson's residence, located at 547 Waugh Road, including two single wide house trailers, a two-story building, a cabin, any outbuildings and vehicles on the property owned by Richardson or Newman. The following night on March 30, 2007, a search was executed pursuant to the warrant. In addition to recovering cocaine, officers recovered cash, cell phones and other drug paraphernalia, as indicated on an inventory sheet that was created in connection with the search of the premises. Appellant was arrested and charged with possession of crack cocaine, in violation of R.C. 2925.11.
 {¶ 4} Appellant was subsequently indicted on the charge by a Ross County grand jury on May 25, 2007. On September 11, 2007, Appellant filed a motion to suppress items of physical evidence and statements made by him during the search of his residence, contending that the affidavit presented in support of the search warrant was facially insufficient to support a determination of probable cause. The parties stipulated to the admission of the affidavit and search warrant for consideration of the pending motion. On December 3, 2007, the trial court denied Appellant's motion to suppress. *Page 5 
 {¶ 5} Thus, the matter proceeded to a jury trial on April 7, 2008. At trial, the state's case included testimony by Detective Twila Goble, the detective who served as the affiant in obtaining the search warrant. Detective Goble also served on the search team that searched the residence. Detective Chris Jones also testified at trial regarding his role in the search of the premises.[1] Further, Captain Cheryl Ray testified at trial regarding her role during the search, which included completion of the search inventory sheet.
 {¶ 6} During the exhibit admission phase of the trial, Appellant objected to admission of the inventory sheet into evidence, based upon grounds that will be more fully discussed herein. However, the trial court allowed the inventory sheet to be admitted. Appellant was subsequently convicted by a jury of possession of cocaine and was sentenced to a two-year prison term. It is from his judgment of conviction that Appellant now brings his timely appeal, assigning the following errors for our review.
 ASSIGNMENTS OF ERROR "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN DENYING A MOTION TO SUPPRESS CHALLENGING THE FACIAL SUFFICIENCY OF THE AFFIDAVIT SUPPORTING THE ISSUANCE OF THE SEARCH WARRANT. *Page 6 
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN ADMITTING INTO EVIDENCE OVER OBJECTION A DOCUMENT WHICH CONTAINED UNEXCEPTED HEARSAY CONNECTING ITEMS OF PHYSICAL EVIDENCE TO THE DEFENDANT, THOUGH THESE ITEMS WERE NOT OTHERWISE ADMITTED OR ASSOCIATED WITH THE DEFENDANT THROUGH TESTIMONY OR ANY OTHER FORM OF EVIDENCE. THE ADMISSION OF THIS DOCUMENT VIOLATED THE DEFENDANT'S RIGHTS UNDER THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTILCE (SIC) I, SECTION 10 OF THE OHIO CONSTITUTION AND CONSTITUTED AN ABUSE OF DISCRETION ON THE PART OF THE TRIAL COURT."
 ASSIGNMENT OF ERROR I {¶ 7} In his first assignment of error, Appellant contends that the trial court erred in denying his motion to suppress evidence. Appellant asserts the facts contained in the affidavit in support of the search warrant were insufficient to support a finding of probable cause necessary to issue the search warrant. Appellant specifically contends that the affidavit contained "double hearsay" in the form of statements made by third party, Matt Newman, to a confidential informant. Appellant argues that the affidavit was insufficient because it did not contain any facts demonstrating the reliability or credibility of the third party. While Appellant does not contend that double hearsay is an impermissible basis for establishing probable cause, he does argue that the Court must take special care in "determining *Page 7 
the existence of indicia of reliability" when double hearsay is incorporated into an affidavit.
 {¶ 8} A judge may issue a search warrant only upon a finding that "probable cause for the search exists." Crim. R. 41(C). As to appellate review of the affidavit, the court in State v. George (1989),45 Ohio St.3d 325, 544 N.E.2d 640, paragraph two of the syllabus, stated:
 "In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. (Illinois v. Gates [1983], 462 U.S. 213, followed.)"
 {¶ 9} Thus, when reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant, an appellate court should accord great deference to the magistrate's judgment. See, also,State v. Mills (1992), 62 Ohio St.3d 357, 367, 582 N.E.2d 972, 982; State v. DeLeon (1991), 76 Ohio App.3d 68, 600 N.E.2d 1137; UnitedStates v. Travisano (C.A.2, 1983) 724 F.2d 341. Essentially, the test is one of the totality of the circumstances. George at 329; citingIllinois v. Gates at 238-239. As reasoned in State v. Allen, Franklin App. No. 08AP-264, 08AP-265, 2008-Ohio-6916," *Page 8 
a judge properly issues a search warrant if the totality of the circumstances establish a `fair probability that contraband or evidence of a crime will be found in a particular place.'" citing Illinois v.Gates at 238. In the case sub judice our function, as a court of review, is to review the affidavit to determine whether the magistrate had "a substantial basis to conclude there was a fair probability" the cocaine mentioned in the affidavit would be found at Appellant's residence.George at 330. (Emphasis sic). See, also, State v. Ashley (June 11, 1992), Ross App No. 1810, 1992 WL 129390.
 {¶ 10} Further, with respect to the arguments raised by Appellant regarding the affidavit's incorporation of double hearsay, it should be noted that
 "The basis of knowledge and the veracity of the person supplying the hearsay information are circumstances that must be considered in determining the value of the information and whether probable cause exists. George, 45 Ohio St.3d at 329, 544 N.E.2d 640. The fact that the information provided is double hearsay is relevant to its value in determining probable cause, but hearsay testimony will not per se invalidate a judge's determination of probable cause. State v. Taylor (1992), 82 Ohio App. 3d 434, 442, 612 N.E.2d 728. The fact that the affiant's knowledge may be the result of double or multiple levels of hearsay does not, per se, invalidate the resulting search warrant. State v. Jones (Sept. 18, 1985), Hamilton App. No. C-840767, citing United States v. Jenkins (C.A.6, 1975), 525 F.2d 819." State v. Prater, Warren App. No. CA2001-12-114, 2002-Ohio-4487.
 {¶ 11} As in Prater, much of the information provided to the affiant from the confidential informant actually came from a third party. While the *Page 9 
affiant properly stated in his affidavit that the confidential informant was reliable and had provided accurate information in the past, there is still a concern regarding the reliability of the third party hearsay that was provided to the confidential informant. Here, however, we find, considering the totality of the circumstances, including the fact that the conduct and actions of the third party at issue were actually conducted under the surveillance of the sheriff's department and were, therefore, verifiable, that the information provided by the third party was sufficiently reliable. Further, the fact that the confidential informant was searched before and after his meeting with the third party adds to the reliability of the information provided by both the confidential informant, as well as the third party.
 {¶ 12} The magistrate issuing the search warrant found that there was a substantial basis for believing the source of the hearsay to be credible and for believing that there was a factual basis for the information furnished. See Crim. R. 41; see, also, State v. Prater, supra. Just as the court reasoned in Prater, supra, when considering a similar fact pattern involving the issue of double hearsay, "[w]e see no reason to substitute our judgment for that of the judge who issued the search warrant." Id. Accordingly, we overrule Appellant's first assignment of error and affirm the judgment of the trial court. *Page 10 
 ASSIGNMENT OF ERROR II {¶ 13} In his second assignment of error, Appellant contends that the trial court erred in admitting into evidence over objection a document which contained unexcepted hearsay connecting items of physical evidence to him, when these items were not otherwise admitted or associated with him through testimony or any other form of evidence. Specifically, Appellant objects to the admission of the inventory sheet, which referenced items including two cell phones and cash in the amount of $400.00 in a wallet and also $823.00 in a money clip, that were found in Appellant's pockets. Appellant argues that because the State offered no testimony regarding the recovery of these items, that these items should have been redacted from the inventory sheet before going to the jury and that failure to do so resulted in a violation of his rights under the confrontation clause.
 {¶ 14} However, a review of the record reveals that Appellant did not object to the admission of the inventory sheet at his trial on the specific ground that he is raising here, to wit: that the inventory sheet's inclusion into evidence violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. Instead, the only objections raised by Appellant at trial regarding the inventory sheet are set forth as follows: *Page 11 
 "We would object only to a [sic] un-redacted [sic] copy of State's exhibit eleven going to the jury. The redaction we propose is a representation that it is Jimmy Richardson's residence at 547 Waugh Road because we don't believe that particular representation has been supported by any evidence in the case and that the documents should not be permitted to make a statement that has not been properly brought into evidence. So with that redaction we would not object to the exhibit."[2]
 {¶ 15} Appellant's counsel then made a further objection to the admission of the inventory sheet, related to the claims presently raised on appeal, but without any reference whatsoever to confrontation clause grounds. Specifically, the following exchange took place on the record:
 "Mr. BOULGER: I want to phrase an additional objection your Honor in that, the inventory lists several items that the court has already ruled, at least by photographic representation, are not relevant to this case, so that the State is essentially getting in the back door what it can't get in the front door, and that is a listing of items that have been in no way connected to my client which . . .
 THE COURT: You didn't object to that when they testified about what was found, and where they found it though. Isn't it already in to the jury?"
 {¶ 16} On appeal, Appellant further argues that he was prejudiced by admission of the inventory sheet as evidenced by a question posed by the jurors during their deliberations. While deliberating, the jury questioned whether the items submitted on the inventory sheet could be considered for discussion even though they weren't individually brought up during the trial. In response to this question, Appellant did not raise any further objection, *Page 12 
but instead suggested that the answer to the jury should be that "they can consider it in conjunction with the testimony and the other exhibits." The court agreed, to which Appellant's counsel responded "`[w]e have no objection for the defense, your Honor."
 {¶ 17} Evid. R. 103(A)(1) provides that a claim of error may not be predicated upon a ruling that admits or excludes evidence unless a substantial right of the party is affected and, if the ruling is one admitting the evidence, the opponent of the evidence raises a timely objection to the evidence, stating the specific ground of objection, unless the ground of objection is apparent from context. As a result of Appellant's failure to object to the admission of the inventory sheet on confrontation clause grounds, we need only determine whether the admission of the sheet amounted to plain error. See State v.Urbina, Defiance App. No. 4-06-21, 2008-Ohio-1013, ¶ 19, 35 (Third Appellate District finding that failure to object at trial to the admission of report on Confrontation Clause grounds waived all but plain error). However, we conclude that the trial court's admission of the inventory sheet did not constitute plain error.
 {¶ 18} Appellant contends that the contents of the inventory sheet were testimonial in nature under the holding in Crawford v.Washington (2004), 541 U.S. 36. We disagree. The Crawford court essentially held that out-of-court *Page 13 
statements by witnesses that are testimonial are barred, under the Confrontation Clause, unless witnesses are unavailable and defendantshad prior opportunity to cross-examine witnesses, regardless of whether such statements are deemed reliable by court. Here, the inventory sheet was prepared pursuant to a search warrant specifically authorizing the search of Appellant's residence. Further, the officer that prepared the inventory sheet testified at trial and was subject to cross examination by Appellant. The inventory sheet itself was discussed and relied upon during the direct examination of the officer who took the inventory and Appellant's counsel did, in fact, cross examine the inventory officer regarding the preparation of the inventory sheet. Thus, we conclude that Appellant's rights under the confrontation clause have not been violated with respect to the admission of the inventory sheet into evidence.
 {¶ 19} Further, even assuming, arguendo, that the trial court's admission of the inventory sheet into evidence was erroneous, such error was harmless. "Error in the admission of evidence in criminal proceedings is harmless if there is no reasonable possibility that the evidence may have contributed to the accused's conviction. State v.Mathias, Gallia App. No. 91CA31, 1994 WL 116243 (internal citations omitted). Here, Appellant was charged with and convicted of possession of cocaine. The recovery of cash *Page 14 
or cell phones on his person was irrelevant to the State's burden of proof with respect to that crime. Appellant's counsel essentially conceded this fact when lodging his objection below, arguing that the cash and cell phones referenced on the inventory sheet were not relevant.
 {¶ 20} Accordingly, Appellant's second assignment of error is overruled.
JUDGMENT AFFIRMED. *Page 15 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.
[1] Detective Jones is the detective who, according the State's trial exhibit 11, the search inventory sheet, recovered cell phones and cash from Appellant's person during the search.
[2] The trial court denied Appellant's request for redaction of any reference to the fact that the items at issue were recovered at Appellant's address as the trial court believed that such fact had been sufficiently demonstrated by the State. *Page 1